UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| STACY S.,[1] | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   CIVIL NO. 1:21cv321 |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Commissioner of Social Security, | ) |
| | ) |
|    Defendant. | ) |

OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) as provided for in the Social Security Act. 42 U.S.C. § 423(a), § 1382c(a)(3). Section 405(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing." It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

The law provides that an applicant for disability insurance benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A). A physical or mental

---

[1] To protect privacy, Plaintiff's full name will not be used in this Order.

impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). It is not enough for a plaintiff to establish that an impairment exists. It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity. *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979). It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff. *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings. *Scott v. Astrue*, 734, 739 (7th Cir. 2011); 42 U.S.C. §405(g). "Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see also Jones v. Astrue*, 623 F.3d 1155, 1160 (7th Cir. 2010). "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after a hearing, the Administrative Law Judge ("ALJ") made the following findings:

   1.   The claimant meets the insured status requirements of the Social Security Act through December 31, 2021 (Ex. 13D).

2. The claimant has not engaged in substantial gainful activity since August 2, 2017, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*)

3. The claimant has the following severe impairments: residuals of a gunshot wound to the right knee with deformity and metallic debris with the tibial and fibular shafts, but a normal joint alignment and unremarkable ankle; and amputation of the left distal third digit with deformity of the distal phalanx of the left index finger (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he is limited to: lifting, carrying, pushing, or pulling 10 pounds frequently and 20 pounds occasionally; sitting at least six hours out of an eight-hour workday; standing and/or walking at least six hours in an eight-hour workday; bending and stooping occasionally in addition to what is required to sit; occasionally kneeling, crouching, and crawling; occasionally using ramps and stairs, but should not climb ladders, ropes, or scaffolds, and can maintain the balance required of such activities; should avoid work within close proximity to open and exposed heights and open and dangerous machinery, such as those with open and exposed blades and open flames; occasional use of the left hand/fingers for fine and gross manipulation; and he may need to use a cane for prolonged ambulation and when upon uneven surfaces.

6. The claimant is capable of performing past relevant work as a front desk clerk. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

7. The claimant has not been under a disability, as defined in the Social Security Act, from August 2, 2017, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

(Tr. 17- 33).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to disability benefits. The ALJ's decision became the final agency decision when the Appeals Council denied review.  This appeal followed.

Plaintiff filed his opening brief on December 2, 2021.  On January 14, 2021, the defendant filed a memorandum in support of the Commissioner's decision, to which Plaintiff replied on January 21, 2022. Upon full review of the record in this cause, this court is of the view that the ALJ's decision must be remanded.

A five-step test has been established to determine whether a claimant is disabled.  *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987).  The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order:  (1)  Is the claimant presently unemployed?  (2)  Is the claimant's impairment "severe"?  (3)  Does the impairment meet or exceed one of a list of specific impairments?  (4)  Is the claimant unable to perform his or her former occupation?  (5)  Is the claimant unable to perform any other work within the economy?  An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled.  A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984).  From the nature of the ALJ's decision to deny benefits, it is clear that step four was the determinative inquiry.

Plaintiff has a high school education and past relevant work as a building maintenance worker and as a motel front desk clerk. (Tr. 73-74, 117). On his alleged onset date, he was considered an individual "closely approaching advanced age" and in October 2019 he changed age categories to an individual of "advanced age" (55 and over). (Tr. 136, 166). The ALJ denied his claims on October 24, 2019 and on February 18, 2021. (Tr. 12-41, 179-200).

4

On August 2, 2017 Plaintiff was admitted to Parkview Hospital Randallia where he remained inpatient until August 8, 2017. (Tr. 557). He was diagnosed with acute systolic congestive heart failure, atrial arrhythmia and typical atrial flutter. (Tr. 557). He had a left ventricular ejection fraction of approximately 10%. (Tr. 55)7. He received follow-up cardiac care at Parkview Heart Institute where he was again diagnosed with acute systolic congestive heart failure, cardiomyopathy, history of cardiac catheterization, and typical atrial flutter. (Tr. 935).

Plaintiff also has significant orthopedic and upper extremity issues related to prior trauma. He has right leg/knee pain from a gunshot wound injury to the calf and left arm/hand pain related to a previous crush injury resulting in amputation of the left middle finger. (Tr. 957, 1003, 1023-1026). Plaintiff reports that the bullet is still in his leg and he has constant pain/ swelling and inability to walk without an assistive device. (Tr. 966). Plaintiff has constant left arm pain and cannot pick items up due to pain running into the forearm. (Tr. 966). X-rays of the right ankle demonstrated chronic posttraumatic deformity and metallic debris associated with the visualized portions of the tibial and fibular shafts. (Tr. 1024). X-ray of the left wrist and hand also showed degenerative changes and subluxation at the 1st MCP joint, amputation of the distal 3rd digit and chronic appearing deformity of the distal phalanx of the index finger. (Tr. 1026).

Plaintiff was seen for a consultative examination with Michael Giffen, DO on April 20, 2019 where it was noted that his chief complaints were cardiomyopathy, systolic heart failure, atrial fibrillation, status/post myocardial infarction in 2017, depression, status/post right leg gunshot injury, status/post left hand crush injury resulting in amputation and left leg pain. (Tr. 1003). Dr. Giffen noted that Plaintiff wears a compression wrap on his left hand, wears a right knee brace, and uses a cane or walker for ambulation. (Tr. 1003, 1008, 1012). Dr. Giffen opined

5

that Plaintiff cannot use his left hand as a result of nerve damage associated with the middle finger amputation. (Tr. 1005). Dr. Giffen further noted that the assistive device was medically necessary and noted during examination that the Plaintiff was unable to walk on heels, toes, tandem walk or squat due to instability. (Tr. 1008). Dr. Giffen also noted that Plaintiff could not maintain good balance while ambulating with the assistive device and carry a weight of less than 10 pounds. (Tr. 1008). Examination revealed that Plaintiff had difficulty getting on and off the table due to his right leg, his posture was abnormal because he has to lean on the cane due to right leg bowing, his stamina was greatly reduced, and that there was anatomical deformity in the right lower extremity (varus bowing) due to the previous bone injury related to the gunshot wound. (Tr. 1009). Dr. Giffen noted that Plaintiff's ability to ambulate effectively is greatly reduced. (Tr. 1009). Dr. Giffen further reported that there was decreased sensation in the right lower extremity, decreased vibratory sensation in the legs bilaterally and Rhomberg's was unstable due to the right lower extremity. (Tr. 1010). Dr. Giffen opined that Plaintiff cannot lift or carry any appreciable weight and can sit for 5 minutes at a time, stand for 3 minutes at a time and walk for 2 minutes at a time. (Tr. 1015). In total he could sit for 3.5 hours in an 8 hour workday, stand for 3.5 hours in an 8 hour workday and walk for 1 hour in an 8 hour workday. (Tr. 1015). Without the use of a cane Plaintiff could only ambulate for ½ a block and cannot use his free hand to carry small objects. (Tr. 1015). He can never use his left, dominant hand to reach, handle, finger, feel, or push/pull. (Tr. 1016). Finally, Dr. Giffen noted that Plaintiff cannot balance, stoop, kneel, crouch, crawl, or climb stairs/ramps/ladders/scaffolds. (Tr. 1017).

In support of remand, Plaintiff argues that substantial evidence does not support the ALJ's step four findings because the ALJ never asked the vocational expert (VE) if his testimony was

6

consistent with the Dictionary of Occupational Titles (DOT), nor did the ALJ resolve an apparent conflict between the VE's testimony and the DOT, as required by SSR 00-4p$^2$.

Disability claims under the Social Security Act are evaluated using the "sequential evaluation" process set forth in the regulations. 20 C.F.R. § 404.1520. At step 4 of the evaluation, the ALJ considers his assessment of a claimant's RFC and his past relevant work. In this case, the ALJ found that Plaintiff has the RFC to perform, in relevant part, light work as defined in 20 C.F.R. § 404.1567(b) but with only occasional use of the left hand/fingers for fine and gross manipulation. (Tr. 24). The ALJ determined that Plaintiff could perform his past relevant work as a front desk clerk, DOT # 238.367-038, as actually and as generally performed under this RFC. (Tr. 32-33). Plaintiff argues that the ALJ erred in finding that he can perform his past relevant work, as the job of front desk clerk requires frequent fingering and the RFC assessment limited Plaintiff to only occasional use of the left hand/fingers for fine and gross manipulation.

At the hearing, Plaintiff testified that he is left hand dominant and had to learn to do everything with his right hand after the crush injury and partial amputation. (Tr. 52, 63). He further testified that in spite of his efforts he is slow and clumsy when using his left hand. (Tr. 63). Plaintiff also testified that his job as a motel front desk clerk ended because he was in so

---

$^2$  Under SSR 00-4p, an ALJ must affirmatively ask if a VE's evidence conflicts with information provided in the DOT before using that evidence to find a claimant not disabled. The ALJ must also investigate and resolve any apparent conflict between the VE's testimony and the DOT by obtaining reasonable explanations for the conflict. *Overman v. Astrue*, 546 F.3d at 462-463 (7th Cir. 2008); *Weatherbee v. Astrue*, 649 F.3d 565, 570 (7th Cir. 2011); SSR 00-4p. These affirmative obligations apply regardless of whether a claimant identifies the alleged conflict at the hearing. *Overman v. Astrue*, 546 F.3d at 463.

much pain and "I [Plaintiff] asked her, could she reduce my hours or if it was any way possible that I could take certain breaks doing that, and she couldn't accommodate." (Tr. 94). Further, on April 20, 2019 the SSA's examining medical consultant, Michael Giffen, DO, opined that Plaintiff cannot use his left hand for fine finger skills as a result of "nerve damage after middle finger amputation". (Ex. 8F, p. 3). Plaintiff contends that the actual functional demands of his past relevant work as a front desk clerk required him to use his hands frequently, and thus clearly exceed the ALJ's RFC for "light work" with only occasional use of the left hand/fingers for fine and gross manipulation.

Plaintiff further contends that the ALJ failed to properly develop the record regarding his ability to perform his past work as actually performed. Pursuant to SSR 96-8p, in order to find a claimant can return to his past work as actually performed, a function-by-function comparison of the demands of as actually performed and the claimant's RFC is required. SSR 96-8p.

In response, the Commissioner acknowledges that the VE testimony "appears" to conflict with the DOT. The Commissioner argues, however, that the ALJ elicited sufficient testimony to resolve this conflict because the ALJ advised the VE that Plaintiff performed his work as a front desk clerk "one handed". (Tr. 72, 74).  The VE stated that this limitation would not preclude Plaintiff from performing his past relevant work as a front desk clerk. (Tr. 76-77).

The Court finds that the testimony is not as clear as the Commissioner contends.  Plaintiff testified that he could _not_ continue at his job as a front desk clerk because of pain.  Thus it seems incongruous for the ALJ to base her decision on the fact that the VE testified that Plaintiff could perform a job which, in actuality, he was unable to perform.  This is a very important question in this case because if  Plaintiff is unable to perform his past relevant work, then he would almost

8

certainly be found disabled, due to his advanced age and lack of transferable skills. 20 CFR §404, Subpt. P, App 2, 206.06.

Therefore, the decision will be remanded.[3]

## Conclusion

On the basis of the foregoing, the decision of the Commissioner is hereby REVERSED AND REMANDED for further proceedings consistent with this Opinion.

Entered: January 28, 2022.

s/ William C. Lee
William C. Lee, Judge
United States District Court

---

[3] Plaintiff has also argued that the appointment of Andrew Saul as Commissioner of the Social Security Administration violates the Constitution. As this case is being remanded on Plaintiff's substantive argument, the Court declines to reach this issue based on the principle of constitutional avoidance. *Ashwander v. Tennessee Valley Authority*, 297 U.S. 288, 347 (1936); *United States v. Orona-Ibarra*, 831 F.3d 867, 876 (7th Cri. 2016); *Taffy v. Commissioner of Social Security*, No. C-21-5146, 2021 WL 4988717, at*6 (W.D. Wash. Ct. 27, 2021).